UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| CONFESSOR PEREZ, | )<br>)<br>) Civil No. 17-89-JMH |
| Petitioner, | )<br>) |
| V. | )<br>) **MEMORANDUM OPINION AND ORDER** |
| FRANCISCO QUINTANA, Warden. | )<br>)<br>) |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Confessor Perez is a prisoner confined at the Federal Medical Center (FMC) in Lexington, Kentucky, serving a cumulative sentence of imprisonment of 421 months to be followed by a term of supervised release of five years imposed by the United States District Court for the Southern District of Florida on November 15, 1996. *United States v. Perez*, No. 96-cr-201-001 (S.D. Fla. Nov. 15, 1996); *United States v. Perez*, 1997 WL 33626852 (11th Cir. Oct. 2, 1997). Perez filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he challenges the execution his sentence.[1] [DE 1]. For the reasons set out below, his Petition will be denied.

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or

On October 4, 1995, Perez and two accomplices robbed an automotive parts store while carrying a firearm and, during the offense, assaulted its owners. On November 24, 1995, while possessing a firearm, Perez and two others robbed a jewelry store and severely beat its owner after he attempted to resist. Perez was arrested by Florida police on December 1, 1995, for unrelated offenses, but after several of his robbery victims identified him in a lineup, he confessed to his participation in the crimes. *Perez v. Hogsten*, 6:10-cv-202-GFVT, 2012 WL 359557, at *1 (E.D. Ky. Feb. 2, 2012).

On March 12, 1996, a federal grand jury indicted Perez for conspiracy to commit robbery, armed robbery, and the use of firearm during the commission of a violent felony, in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a), 2; and 18 U.S.C. § 924(c). Following a three-day jury trial, he was found guilty on all counts. On November 15, 1996, Perez was sentenced to a cumulative 421-month term of incarceration to be followed by a five-year term of supervised release. *United States v. Perez*, No. 96-cr-201-001 (S.D. Fla. 1996); *United States v. Perez*, 1997 WL 33626852 (11th Cir. Oct. 2, 1997). The Eleventh Circuit affirmed Perez's conviction and sentence on direct appeal. *United States v. Perez*, 136 F.3d 140 (11th Cir. 1998).

---

otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

Following his federal convictions, Perez was returned to state custody to face prosecution under Florida charges for armed robbery, battery and assault. Perez pled guilty to these offenses, and on December 12, 1996, he was sentenced to a cumulative term of 128 months, which the state court ordered to be served concurrently with his pre-existing federal sentence. *Hogsten*, 6:10-cv-202-GFVT, 2012 WL 359557, at *1.

In an earlier case, Perez indicated he was then remanded into the custody of federal marshals, who in turn transferred him into the custody of the Florida Department of Corrections to commence service of his state sentence. Perez remained incarcerated in service of his Florida sentence for approximately eight years until he was released by Florida officials and turned over to federal marshals on December 26, 2004. *Id*.

In the earlier case, Perez challenged the BOP's denial of his request that he receive credit for time spent in service of his state sentence. First, Perez challenged the Administrator's decision on the merits, contending that he will serve the entirety of his thirty-five year federal sentence regardless of whether a *nunc pro tunc* designation is made. Second, Perez appeared to challenge the BOP's decision on constitutional grounds. He asserted that he had a reasonable expectation that the state court's direction that its sentence be served concurrently would be honored, citing *Jefferson v. Berkebile*, 688 F. Supp. 2d 474

(S.D. W. Va. 2010), and thus, presumably implicating due process concerns. Finally, he suggested that the BOP's denial of the relief requested may violate the separation of powers doctrine or fail to provide the due respect and comity which should be afforded judgments entered by state courts, citing *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) and *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007).

In his opinion addressing each of the issues Perez raised then (and raises again in the instant petition), Judge Van Tatenhove fully addressed the applicable law pertaining to the facts set out above and denied the petition. *Hogsten*, 6:10-cv-202-GFVT, 2012 WL 359557, at *1. Perez appealed but the appeal was dismissed for want of prosecution. *Perez v. Hogston*, Case No. 12-5166 (6th Cir. Mar. 29, 2012).

In as much as the issues presented in the instant case have been fully addressed and rejected by Judge Van Tatenhove, the principle of *stare decisis* controls the outcome here. Nothing more need be said, except to note that it has long been the law of the Sixth Circuit that any court's provision of a concurrent sentence in its judgment is not binding on the Attorney General of the United States. *See United States v. Herb*, 436 F.2d 566, 567-68 (6th Cir. 1971).

Accordingly,

**IT IS ORDERED** that Perez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1] shall be, and the same hereby is, **DENIED**.

A separate judgment in conformity herewith shall this date be entered.

This 12th day of July, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge